

**U.S. Department of Justice**

*United States Attorney*
*District of New Jersey*
*Special Prosecutions Division*

---

*970 Broad Street, Suite 700*  (973) 645-2700
*Newark, New Jersey 07102*

October 28, 2021

Edwin Jacobs, Esq.
Jacobs & Barbone, PA
1125 Pacific Avenue
Atlantic City, New Jersey 08401

    Re:  <u>Plea Agreement with Sean Caddle</u>

Dear Mr. Jacobs:

    This letter sets forth the plea agreement between your client, Sean Caddle ("Caddle"), and the United States Attorney for the District of New Jersey ("this Office"). This plea agreement is contingent upon the approval of the United States Attorney General.

<u>Charge</u>

    Conditioned on the understandings specified below, this Office will accept a guilty plea from Caddle to an Information that charges him with conspiring to travel in interstate commerce and using an interstate facility with the intent to commit murder-for-hire, contrary to N.J.S.A. § 2C:11-3, in violation of Title 18, United States Code, Section 1958. If Caddle enters a guilty plea and is sentenced on this charge, and otherwise fully complies with all of the terms of this agreement, this Office will not initiate any further criminal charges against Caddle: (1) for conspiring to travel in interstate commerce and using an interstate facility with the intent to commit the murder-for-hire of the Victim on or about May 22, 2014; and (2) in connection with the information Caddle proffered to this Office on September 23, 2021 and pursuant to a letter agreement dated October 28, 2021 (the "October 28, 2021 Agreement").

    If a guilty plea in this matter is not entered for any reason or the judgment of conviction entered as a result of this guilty plea does not remain in full force and effect, Caddle agrees that any dismissed charges and any other charges that are not time-barred by the applicable statute of limitations on the date this agreement is signed by Caddle may be commenced against him, notwithstanding the expiration of the limitations period after Caddle signs the agreement.

Sentencing

The violation of 18 U.S.C. § 1958 to which Caddle agrees to plead guilty carries a statutory maximum prison sentence of death or life imprisonment and a statutory maximum fine equal to the greatest of (1) $250,000, or (2) twice the gross amount of any pecuniary gain that any persons derived from the offense, or (3) twice the gross amount of any pecuniary loss sustained by any victims of the offense. Fines imposed by the sentencing judge may be subject to the payment of interest.

The sentence to be imposed upon Caddle is within the sole discretion of the sentencing judge, subject to the provisions of the Sentencing Reform Act, 18 U.S.C. §§ 3551-3742, and the sentencing judge's consideration of the United States Sentencing Guidelines. The United States Sentencing Guidelines are advisory, not mandatory. The sentencing judge may impose any reasonable sentence up to and including the statutory maximum term of imprisonment and the maximum statutory fine. This Office cannot and does not make any representation or promise as to what guideline range may be found by the sentencing judge, or as to what sentence Caddle ultimately will receive.

Further, in addition to imposing any other penalty on Caddle, the sentencing judge: (1) will order Caddle to pay an assessment of $100 pursuant to 18 U.S.C. § 3013, which assessment must be paid by the date of sentencing; (2) must order Caddle to pay restitution pursuant to 18 U.S.C. § 3663A *et seq.*; (3) must order forfeiture pursuant to 18 U.S.C. § 982(a)(1); and (4) pursuant to 18 U.S.C. § 3583, may require Caddle to serve a term of supervised release of not more than five (5) years, which will begin at the expiration of any term of imprisonment imposed. Should Caddle be placed on a term of supervised release and subsequently violate any of the conditions of supervised release before the expiration of its term, Caddle may be sentenced to not more than five (5) years' imprisonment in addition to any prison term previously imposed, regardless of the statutory maximum term of imprisonment set forth above and without credit for time previously served on post-release supervision, and may be sentenced to an additional term of supervised release.

Restitution

Caddle agrees to pay restitution for all losses resulting from the offense of conviction or from the scheme, conspiracy, or pattern of criminal activity underlying the offense, in an amount to be determined at sentencing.

Monetary penalties imposed by the Court will be: (i) subject to immediate enforcement as provided for in 18 U.S.C. § 3613, and (ii) submitted to the Treasury Offset Program so that any federal payment or transfer of returned property the defendant receives may be offset and applied to federal debts but will not affect the periodic payment schedule.

Rights of This Office Regarding Sentencing

Except as otherwise provided in this agreement, this Office reserves its right to take any position with respect to the appropriate sentence to be imposed on Caddle by the sentencing judge, to correct any misstatements relating to the sentencing proceedings, and to provide the sentencing judge and the United States Probation Office all law and information relevant to sentencing, favorable or otherwise. In addition, this Office may inform the sentencing judge and the United States Probation Office of: (1) this agreement; and (2) the full nature and extent of Caddle's activities and relevant conduct with respect to this case.

Stipulations

This Office and Caddle agree to stipulate at sentencing to the statements set forth in the attached Schedule A, which hereby is made a part of this plea agreement. This agreement to stipulate, however, cannot and does not bind the sentencing judge, who may make independent factual findings and may reject any or all of the stipulations entered into by the parties. To the extent that the parties do not stipulate to a particular fact or legal conclusion, each reserves the right to argue the existence of and the effect of any such fact or conclusion upon the sentence. Moreover, this agreement to stipulate on the part of this Office is based on the information and evidence that this Office possesses as of the date of this agreement. If this Office obtains or receives additional evidence or information prior to sentencing that it determines to be credible and to be materially in conflict with any stipulation in the attached Schedule A, this Office shall not be bound by any such stipulation. A determination that any stipulation is not binding shall not release either this Office or Caddle from any other portion of this agreement, including any other stipulation. If the sentencing court rejects a stipulation, both parties reserve the right to argue on appeal or at post-sentencing proceedings that the sentencing court was within its discretion and authority to do so. These stipulations do not restrict this Office's right to respond to questions from the Court and to correct misinformation that has been provided to the Court.

Waiver of Appeal and Post-Sentencing Rights

As set forth in Schedule A, this Office and Caddle waive certain rights to file an appeal, collateral attack, writ, or motion after sentencing, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255.

Immigration Consequences

Caddle understands that, if he is not a citizen of the United States, his guilty plea to the charged offense will likely result in him being subject to immigration proceedings and removed from the United States by making him deportable, excludable, or inadmissible, or ending his naturalization. Caddle understands that the immigration consequences of this plea will be imposed in a separate proceeding before the immigration authorities. Caddle wants and agrees to plead guilty to the charged offense regardless of any immigration consequences of this plea, even if this plea will cause his removal from the United States. Caddle understands that he is bound by his guilty plea regardless of any immigration consequences of the plea. Accordingly, Caddle waives any and all challenges to his guilty plea and to his sentence based on any immigration consequences, and agrees not to seek to withdraw his guilty plea, or to file a direct appeal or any kind of collateral attack challenging his guilty plea, conviction, or sentence, based on any immigration consequences of his guilty plea.

Other Provisions

This agreement is limited to the United States Attorney's Office for the District of New Jersey and cannot bind other federal, state, or local authorities. However, this Office will bring this agreement to the attention of other prosecuting offices, if requested to do so.

This agreement was reached without regard to any civil or administrative matters that may be pending or commenced in the future against Caddle. This agreement does not prohibit the United States, any agency thereof (including the Internal Revenue Service and Immigration and Customs Enforcement) or any third party from initiating or prosecuting any civil or administrative proceeding against Caddle.

No provision of this agreement shall preclude Caddle from pursuing, in an appropriate forum, when permitted by law, an appeal, collateral attack, writ, or motion claiming that Caddle received constitutionally ineffective assistance of counsel.

No Other Promises

This agreement constitutes the plea agreement between Caddle and this Office and supersedes any previous agreements between them. No additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties.

Sincerely,

RACHAEL A. HONIG
Acting United States Attorney

By: Sean Farrell
Lee M. Cortes, Jr.
Assistant U.S. Attorneys

APPROVED:

James B. Nobile
Chief, Special Prosecutions Division

   I have received this letter from my attorney, Edwin Jacobs, Esq. I have read it. My attorney and I have discussed it and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, and immigration consequences. I understand this letter fully. I hereby accept its terms and conditions and acknowledge that it constitutes the plea agreement between the parties. I understand that no additional promises, agreements, or conditions have been made or will be made unless set forth in writing and signed by the parties. I want to plead guilty pursuant to this plea agreement.

**AGREED AND ACCEPTED:**

*[signature]*     Date: 11-4-2021
Sean Caddle

   I have discussed with my client this plea agreement and all of its provisions, including those addressing the charge, sentencing, restitution, stipulations, waiver, and immigration consequences. My client understands this plea agreement fully and wants to plead guilty pursuant to it.

*[signature]*     Date: 11-5-21
Edwin Jacobs, Esq.

Plea Agreement with Sean Caddle

Schedule A

1. This Office and Sean Caddle recognize that the United States Sentencing Guidelines are not binding on the Court. This Office and Caddle nevertheless agree to the stipulations set forth herein.

2. The version of the United States Sentencing Guidelines effective November 1, 2021, applies in this case.

3. The applicable guideline is U.S.S.G. § 2E1.4, which provides that if the underlying conduct violates state law, the offense level corresponding to the most analogous federal offense is to be used. U.S.S.G § 2E1.4 App. n.1.

4. The parties agree that the underlying conduct violates N.J.S.A. § 2C:11-3 and that the relevant Guideline for the most closely analogous federal offense is U.S.S.G. § 2A1.5. The parties further agree that because the offense resulted in the death of the Victim, U.S.S.G § 2A1.5(c)(1) directs the application of U.S.S.G § 2A1.1.

5. Pursuant to U.S.S.G § 2A1.1, the base offense level is 43.

6. As of the date of this letter, Caddle has clearly demonstrated a recognition and affirmative acceptance of personal responsibility for the offense charged. Therefore, a downward adjustment of 2 levels for acceptance of responsibility is appropriate if Caddle's acceptance of responsibility continues through the date of sentencing. *See* U.S.S.G. § 3E1.1(a).

7. As of the date of this letter, Caddle has assisted authorities in the investigation or prosecution of Caddle's own misconduct by timely notifying authorities of Caddle's intention to enter a plea of guilty, thereby permitting this Office to avoid preparing for trial and permitting this Office and the court to allocate their resources efficiently. At sentencing, this Office will move for a further 1-point reduction in Caddle's offense level pursuant to U.S.S.G. § 3E1.1(b) if the following conditions are met: (a) Caddle enters a plea pursuant to this agreement, (b) this Office in its discretion determines that Caddle's acceptance of responsibility has continued through the date of sentencing and Caddle therefore qualifies for a 2-point reduction for acceptance of responsibility pursuant to U.S.S.G. § 3E1.1(a), and (c) Caddle's offense level under the Guidelines prior to the operation of § 3E1.1(a) is 16 or greater.

8. In accordance with the above, the parties agree that the total Guidelines offense level applicable to Caddle is 40 (the "agreed total Guidelines offense level").

9. Should this Office decide that Caddle has satisfied all of the terms and conditions set forth in the October 28, 2021 Agreement, the United States agrees, at the time of Caddle's sentencing on the charge contained in the Information, to recommend a term of imprisonment of

anywhere between 150 and 300 months. Both parties may argue for a sentence of imprisonment anywhere within this range.

10. The parties agree not to seek or argue for any upward or downward departure, adjustment, or variance not set forth herein.

11. Caddle knows that he has and, except as noted below in this paragraph, voluntarily waives, the right to file any appeal, any collateral attack, or any other writ or motion, including but not limited to an appeal under 18 U.S.C. § 3742 or a motion under 28 U.S.C. § 2255, which challenges the sentence imposed by the sentencing court if that sentence falls within or below the Guidelines range that results from offense level 40. This Office will not file any appeal, motion, or writ that challenges the sentence imposed by the sentencing court if that sentence falls within or above the Guidelines range that results from offense level 40. The parties reserve any right they may have under 18 U.S.C. § 3742 to appeal the sentencing court's determination of the criminal history category. The provisions of this paragraph are binding on the parties even if the Court employs a Guidelines analysis different from that stipulated to herein. Furthermore, if the sentencing court accepts a stipulation, both parties waive the right to file an appeal, collateral attack, writ, or motion claiming that the sentencing court erred in doing so.

12. Both parties reserve the right to oppose or move to dismiss any appeal, collateral attack, writ, or motion barred by the preceding paragraph and to file or to oppose any appeal, collateral attack, writ or motion not barred by the preceding paragraph.